# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FLOYD EDWARD ROSS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2293-KHV |
| | ) | |
| SHARP ONE, INC., and | ) | |
| SAMUAL GIAMBELLUCA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On June 13, 2019, Floyd Edward Ross, Jr., filed suit against Sharp One, Inc., and Samual Giambelluca. Complaint (Doc. #1). Plaintiff alleges that Giambelluca and Sharp One negligently caused injuries which he sustained in a vehicle collision. This matter is before the Court on plaintiff's Response And Motion To Strike Or In The Alternative Motion For A More Definite Statement To Defendants' Affirmative Defenses (Doc. #6) filed August 21, 2019. For reasons stated below, the Court overrules plaintiff's motions.

## Factual Background

Highly summarized, plaintiff's complaint alleges as follows:

On April 9, 2018, plaintiff was driving his vehicle on K-10 Highway near an intersection with Lexington Avenue in Desoto, Kansas. Giambelluca was operating a tractor trailer for his employer, Sharp One, near the same intersection. Giambelluca improperly crossed into plaintiff's lane and struck the rear and driver's side of plaintiff's vehicle, causing serious injury. Alternatively, Giambelluca's tractor trailer overtook plaintiff's vehicle from the rear and driver's side, causing serious injury. Giambelluca later informed authorities that he may have fallen asleep

while driving. Plaintiff claims that defendants' negligence caused his injuries. In response, defendants assert several affirmative defenses, including failure to state a claim, contributory fault, third-party negligence, superseding causes, failure to mitigate and preexisting injuries. Defendants' Answer And Affirmative Defenses To Plaintiff's Complaint (Doc. #4) at 6.

**Legal Standards**

Plaintiff asserts that the Court should strike defendants' affirmative defenses numbers 2-5 and 7-12 because they do not comply with the pleading standards under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Iqbal, 556 U.S. at 679-80; Twombly, 550 U.S. at 555. Moreover, a complaint cannot merely make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678.

Under Fed. R. Civ. P. 12(f), the Court may strike an insufficient defense from a pleading. To determine whether a defense is sufficient, the Court looks to Fed. R. Civ. P. 8(b)(1)(A), under which a party must "state in short and plain terms its defenses to each claim asserted against it." Courts, including those within this District, are split on whether Twombly and Iqbal govern the pleading of defenses under Fed. R. Civ. P. 8(b)(1)(A). In this District, the majority view is that the Twombly and Iqbal requirements do not apply.[1] Falley v. Friends Univ., 787 F. Supp. 2d 1255,

---

[1] Plaintiff's motion cites two cases before the Honorable Eric. F. Melgren, for the proposition that Twombly and Iqbal apply to the pleading of defenses. Conspicuously, he omits any mention of the opposing majority authority in cases before other judges in the District of Kansas. Under D. Kan. Rule 83.6.1(a) and Kansas Rules of Professional Conduct 3.3(a)(2), a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling

1259 (D. Kan. 2011); Bennett v. Sprint Nextel Corp., No. 09-2122-EFM, 2011 WL 4553055, at *2 (D. Kan. Sept. 29, 2011); Unicredit Bank AG v. Bucheli, No. 10-2436-JWL, 2011 WL 4036466, at *6 (D. Kan. Sept. 12, 2011); United States ex rel. Minge v. TECT Aerospace, Inc., No. 07-1212-MLB, 2011 WL 2473076, at *3 (D. Kan. June 21, 2011); Bowers v. Mortg. Elec. Registration Sys., No. 10-4141-JTM, 2011 WL 2149423, at *4 (D. Kan. June 1, 2011); RES-MO Springfield, LLC v. Tuscany Props., L.L.C., No. 13-2169-EFM-DJW, 2013 WL 3991794, at *3 (D. Kan. Aug. 5, 2013); Drury v. Wendy's Old Fashioned Hamburgers of New York, Inc., No. 12-2012-JTM, 2012 WL 2339747, at *3 (D. Kan. June 19, 2012).[2]

For substantially the reasons set forth in Falley, the Court joins the majority in the District of Kansas and finds that the Twombly and Iqbal pleading requirements do not apply to defenses. See Falley, 787 F. Supp. 2d at 1258. First, under the plain language of Fed. R. Civ. P. 8, the heightened pleading requirements for parties seeking relief do not apply to parties asserting defenses. In Twombly, the Supreme Court specifically relied on the language of Rule 8(a), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added); see also Twombly, 550 U.S. at 557. By contrast, Rule 8(b) requires only that defenses be "state[d] in short and plain terms." Fed. R. Civ. P. 8(b). Similarly, Rule 8(c) requires affirmative

---

jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." The Court expects plaintiff's counsel to scrupulously adhere to this rule by disclosing in their initial motion the majority opinion in the District of Kansas, and will sanction for future violations and/or report them to the Kansas Disciplinary Administrator, Stan Hazlett.

[2] Contrast with Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 652 (D. Kan. 2009) (Twombly and Iqbal pleading standards do apply to defenses); Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc., No. 2013 WL 3984371, at *2 (D. Kan. 2013) (same); Kinsale Ins. Co. v. Brandon Steven Motors, LLC, No. 18-1239-EFM, 2019 WL 1953129, at *1 (D. Kan. May 2, 2019) (same).

defenses to be "affirmatively state[d]," without any language similar to that from Rule 8(a) italicized above. Fed. R. Civ. P. 8(c); see Falley, 787 F. Supp. 2d at 1258-59; see also Unicredit Bank AG, 2011 WL 4036466 at *6.

Second, in contrast to a plaintiff, who "may take years to investigate and prepare a complaint," defendants have only 21 days after being served to provide an answer. See Falley, 787 F. Supp. 2d at 1258-59; see also Unicredit Bank AG, 2011 WL 4036466 at *6. If defendants fail to state an affirmative defense in that answer, they risk waiver. Falley, 787 F. Supp. 2d at 1258-59 (citing Fed. R. Civ. P. 12(g)(2), (h)(1)(A)). Thus, "it makes sense to require more factual description of a plaintiff than a defendant under these circumstances." Id.

Third, striking an affirmative defense is a "drastic remedy," and should only be done when the defense "cannot succeed under any circumstances." Id.; see also Unicredit Bank AG, 2011 WL 4036466, at *6 (striking defenses generally disfavored and are usually denied unless allegations have no possible relation to controversy and may prejudice parties).

Finally, the Court does not want to "encourage parties to bog down litigation by filing and fighting motions to strike answers or defenses prematurely." Falley, 787 F. Supp. 2d at 1259. The goal of Rule 12(f) is to "minimize delay, prejudice, and confusion." Id. (citing Resolution Trust Corp. v. Fleischer, 835 F. Supp. 1318, 1320 (D. Kan. 1993)). Applying Twombly and Iqbal to affirmative defenses would "invite many more motions to strike, which achieves little." Id. (citing Lane v. Page, 272 F.R.D. 581, 596 (D. N.M. 2011)). The remedy for striking defenses at this stage of the litigation is often to allow amendment. See Hayne, 263 F.R.D. 647, 652 (noting that majority of cases applying Twombly pleading standard to affirmative defenses and striking those defenses have permitted defendant leave to amend). Therefore, applying the Twombly and Iqbal standard "would likely result in increased motions practice with little practical impact on the case's

forward progression." Falley, 787 F. Supp. 2d at 1259. For these reasons, the Court joins the majority in the District of Kansas and finds that Twombly and Iqbal do not apply to defenses. Rather, pursuant to Fed. R. Civ. P. 8(b)(1)(A), a party need only "state in short and plain terms its defenses to each claim asserted against it."

## Analysis

**I.  Motion to Strike**

Plaintiff asserts that the Court should strike defendants' affirmative defenses numbers 2-5 and 7-12 because they do not comply with pleading requirements. In response, defendants withdraw defenses 9, 10 and 11.[3] Defendants' Response In Opposition To Motion To Strike Or In The Alternative Motion For More Definite Statement (Doc. #9) at 5. Therefore, the Court need only determine whether defendants' affirmative defenses numbers 2-5 and 7-8 "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

Here, defendants' affirmative defenses numbers 2-5 and 7-8 satisfy this standard. Defense 2 asserts that the complaint "fails to state a claim upon which relief can be granted against these Defendants under the laws of the States of Kansas and/or Illinois." Defendants' Answer And Affirmative Defenses To Plaintiff's Complaint (Doc. #4) at 6, ¶ 2. Defense 3 asserts that plaintiff's alleged damages "were caused by the acts, omissions, or fault of Plaintiff, including contributory negligence, contributory fault and comparative fault thereby barring recovering against Defendants or, alternatively, diminishing any recovery by the relative fault attributed to Plaintiff." Id., ¶ 3. Defense 4 asserts that plaintiff's alleged damages "were caused by the acts, omissions, negligence,

---

[3] Defense 9 asserts that "K.S.A. Section 60-19(a)02" limits plaintiff's recovery. Defense 10 asserts that the applicable statute of limitations bars plaintiff's claims. Defense 11 asserts that plaintiff's claims fail for lack of jurisdiction.

or fault of other persons and/or entities over whom Defendants had no control." Id., ¶ 4. Defense 5 asserts that plaintiff's alleged damages "were a result of an independent, intervening and/or superseding cause or event and/or act of omission or commission on the part of one or more persons or entities over whom Defendants had no control." Id., ¶ 5. Defense 7 asserts that plaintiff's "failure to mitigate his damages bars or limits his claims and alleged damages." Id., ¶ 7. Finally, Defense 8 asserts that plaintiff's damages "result, in whole or in part, from pre-existing or subsequent conditions unrelated to Defendants alleged conduct." Id., ¶ 8. Each of these assertions "state in short and plain terms" defendants' defenses. Therefore, the Court does not strike them.

## II.    Motion For More Definite Statement

In the alternative to his motion to strike, plaintiff seeks more definite statements of defendants' affirmative defenses. Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Federal Rules of Civil Procedure allow plaintiff to respond to an answer only when authorized to do so by court order. See Fed. R. Civ. P. 7(a)(7); see also Wilhelm v. TLC Lawn Care, Inc., No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008). Accordingly, unless the Court authorizes plaintiff to respond to an answer, plaintiff cannot move for a more definite statement. See Wilhelm, 2008 WL 474265, at *2.

Here, plaintiff has not requested leave to reply to defendant's answer, including the affirmative defenses, and the Court has not granted such leave on its own initiative. As a result, the answer is not a pleading to which a responsive pleading is allowed under Rule 12(e). See Wilhelm, 2008 WL 474265, at *2. For this reason, the Court overrules plaintiff's motion for more

definite statement.  See id. (denying motion for more definite statement of affirmative defenses because no responsive pleading permitted).

**IT IS THEREFORE ORDERED** that plaintiff's Response And Motion To Strike Or In The Alternative Motion For A More Definite Statement To Defendants' Affirmative Defenses (Doc. #6) filed August 21, 2019 is **OVERRULED**.

Dated this 15th day of October, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge